a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NICHOLAS QUEEN, Petitioner | CIVIL ACTION NO. 1:18-CV-1433-P |
| VERSUS | JUDGE DEE D. DRELL |
| C. J. JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) (Doc. 1, 5) filed by pro se Petitioner Nicholas Queen ("Queen") (#29623-037). Queen is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Queen challenges the legality of his sentence imposed in the United States District Court for the District of Maryland.

Because Queen is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration, and he cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, Queen's petition should be DISMISSED for lack of jurisdiction.

I.  **Background**

Queen is serving a 562-month term of imprisonment for his convictions of two counts of bank robbery by intimidation, two counts of armed bank robbery, and two counts of carrying a firearm during the commission of a crime of violence.  United

States v. Queen, 73 F.3d 359 (4th Cir. 1995). Queen's conviction and sentence were affirmed. Id.

Queen has filed numerous challenges to his conviction. In 2016, the United States Court of Appeals for the Fourth Circuit granted Queen authorization to file a successive motion under 28 U.S.C. § 2255. (Case No. 1:93-cr-00366, D. Md., Doc. 300). The court found that Queen "made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case." Id. The § 2255 motion remains pending in the District of Maryland.

## II. Law and Analysis

### A. Queen cannot proceed under § 2241.

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

Queen is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. Therefore, Queen can only proceed under § 2241 if he can show that § 2255 is inadequate or ineffective to challenge his conviction or sentence. See 28 U.S.C. § 2255(e); Pack, 218 F.3d at 452. The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255(e) applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

First, Queen cannot show that § 2255 is inadequate to challenge his sentence. Queen was granted authorization to file a successive § 2255 motion, and Queen's

3

motion remains pending in the court of conviction. Moreover, Queen acknowledges that his claim is not based on a retroactively applicable Supreme Court decision, which is required under the savings clause.

### III. Conclusion

Because Queen is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration, and he cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, IT IS RECOMMENDED that Queen's § 2241 petition be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Queen's claim. [1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of January, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge